# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**NANCY REXRODE,**

      **Plaintiff,**

*vs*.                                          **CASE NO. 1:06CV166**

**MICHAEL ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

## MEMORANDUM OPINION/ORDER

On October 27, 2006, Plaintiff, Nancy Rexrode, ("Plaintiff"), through her counsel Eric M. Francis, filed a Complaint in the Southern District of West Virginia pursuant to 42 U.S.C. § 405(g), to review a denial of Social Security benefits, under the Social Security Act [Docket Entry 1]. On October 27, 2006, the parties filed a Consent to Jurisdiction by a United States Magistrate Judge. The case was thereafter assigned to United States Magistrate Judge Mary E. Stanley. The case was transferred to the Northern District of West Virginia on November 16, 2006.

On January 23, 2007, Plaintiff filed a Motion to Submit New Evidence [Docket Entry 14]. On February 8, 2007, Defendant filed his Answer to the Complaint along with the Administrative Transcript [Docket Entries 16-18]. On January 25, 2007, the undersigned United States Magistrate Judge entered an Order granting Plaintiff's Motion to Submit New Evidence [Docket Entry 25].

On April 10, 2007, Plaintiff filed her Motion for Judgment on the Pleadings [Docket Entry 21] (incorrectly entitled "Plaintiff's Reply to Defendant's Brief in Support of Judgment on the

Pleadings"). That same date Plaintiff filed a "Motion to Remand to the Commissioner" [Docket Entry 22]. On June 7, 2007, Defendant filed his "Motion for Judgment on the Pleadings" [Docket Entry 26]. On June 15, 2007, Plaintiff filed her "Response to Motion" [Docket Entry 29].[1]

The case before this Court involves Plaintiff's application for benefits submitted February 19, 2004, alleging inability to work as of February 19, 2003 (R. 14). The claim was denied at the Initial and Reconsideration levels (R. 24, 29). Plaintiff requested a hearing, which was held on February 2, 2006, by Administrative Law Judge Mark A. O'Hara (Id.). On June 30, 2006, the ALJ issued his Decision denying benefits, finding "The claimant has not been under a 'disability,' as defined in the Social Security Act, from February 19, 2003, though the date of this decision. . . ." (R. 21). The Appeals Council denied Plaintiff's Request for Review on October 12, 2006.

Meanwhile, according to Plaintiff's Motion and the exhibit attached, Plaintiff filed a subsequent application for benefits on August 2, 2006, while the first was still pending before the Appeals Council. According to Plaintiff's attached exhibit, entitled "Notice of Award," on January 12, 2007, the Social Security Administration found that Plaintiff "became disabled under our rules on February 19, 2003," the same onset date alleged in the case currently before the Court. The Administration awarded Plaintiff benefits starting only as of August 2, 2005, however, because "[by] law, we can pay benefits no earlier than 12 months before the month of filing."

On November 14, 2007, the Court held a telephonic hearing on this matter. Plaintiff appeared through her counsel, Eric Francis, and Defendant appeared through his counsel, Beverly Zuckerman. Upon consideration of the briefs submitted to the Court as well as the arguments of counsel, the Court **VACATED** the Order Granting Plaintiff's Motion to Submit New Evidence [Docket Entry 25]. The

---

[1] Several Motions were filed and resolved in between these motions, including Motions to Enlarge Time and a Motion for Default Judgment.

Court advised both parties that the proposed "new evidence" would not be considered by the Court in determining this matter.

On November 15, 2007, Plaintiff, Nancy Rexrode, through counsel, filed her "Motion to Dismiss" [Docket Entry 32]. As reason for her motion to dismiss with prejudice, Plaintiff states only that she "no longer wishes to proceed." In Response to Plaintiff's Motion to Dismiss the case, Defendant, through counsel filed his "Motion to Remand and Response to Plaintiff's Motion to Dismiss" [Docket Entry 33]. Defendant states his argument as follows:

> The Commissioner believes that remand to the Agency, and not dismissal, is the appropriate remedy in this case. Accordingly, the Commissioner respectfully requests remand under the Fourth sentence of 42 U.S.C. § 405(g) so that the Agency may resolve the inconsistency between the June 30, 2006, decision and the January 12, 2007, decision.

Neither party cites any law or further argument in support of his or her position. The Court finds F.R.Civ.P. 41(a)(2) applies to this matter, because the opposing party has already filed an answer and motion for summary judgment,[2] and there is clearly no stipulation of dismissal between the parties.[3] F.R.Civ.P. 41(a)(2) provides as follows:

> Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

There was no counterclaim pleaded by Defendant prior to service of the Plaintiff's motion to dismiss in this matter. "A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant, *see Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986).

---

[2] In this case a Motion for Judgment on the Pleadings.

[3] See F.R.Civ.P. 41(a)(1).

A district court's decision to grant such a motion is reviewed for abuse of discretion, *see Davis v. USX Corp.*, 819 F.2d 1270 (4th Cir. 1987)." Ellett Bros, Inc. v. U.S. Fidelity & Guar. Co., 275 F.3d 384 (4th Cir. 2001). The primary purpose of the rule is to freely permit voluntary dismissals while protecting the nonmovant from unfair treatment. See, e.g., Davis at 1273.

Defendant's expressed belief that the appropriate remedy in this matter is remand notwithstanding, Defendant has not shown that dismissal with prejudice would constitute unfair treatment or cause him any prejudice.

The Court therefore finds that Plaintiff should be permitted to voluntarily dismiss her own case with prejudice. Plaintiff's Motion to Dismiss [Docket Entry 32] should therefore be, and hereby is **GRANTED**. Therefore, it is

**ORDERED** that:

1. Plaintiff's Brief in Support of Judgment on the Pleadings (mistakenly entitled "Plaintiff's Reply to Defendant's Brief in Support of Judgment on the Pleadings") [Docket Entry 21] is **DENIED as MOOT**;

2. Plaintiff's Motion to Reverse or Remand [Docket Entry 22] is **DENIED as MOOT**;

3. Defendant's Motion for Judgment on the Pleadings and Responses to Plaintiff's Motions for Default Judgment and to Reverse or Remand [Docket Entry 26] is **DENIED as MOOT**;

4. Plaintiff's Motion to Dismiss [Docket Entry 32] is **GRANTED**;

5. Defendant's Motion to Remand and Response to Plaintiff's Motion to Dismiss [Docket Entry 33] is **DENIED**; and

6. This civil action is **DISMISSED WITH PREJUDICE and RETIRED** from the docket of this Court.

The Clerk of Court is directed to enter a separate judgment order. Fed. R. Civ. P. 58.

The Clerk of the United States Court for the Northern District of West Virginia is directed to provide a true copy of this order to all counsel of record.

DATED: December 4, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE